Case: 23-5053 Document: 35 Filed: 08/14/2023 Page: 1



**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7511
Washington, DC 20530

Tel: (202) 514-8100

August 14, 2023

VIA CM/ECF

Deborah Hunt, Clerk of Court
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202

    RE:   *American College of Pediatricians v. Becerra*, No. 23-5053

Dear Ms. Hunt:

    We write in response to plaintiffs' letter regarding this Court's decision in *Block v. Canepa*, 74 F.4th 400 (6th Cir. 2023).

    In *Block*, a plaintiff seeking to transport wine into Ohio for personal use brought a pre-enforcement challenge to a state law limiting the amount of alcohol that consumers can transport. The district court held that the plaintiff failed to establish a credible threat of prosecution and this Court reversed. The Court explained that plaintiffs alleging injury based on "a prospective prosecution must plead facts sufficient to establish a reasonable fear of prosecution," *i.e.*, a "fear of prosecution" that "is founded in fact," rather than "imaginary or wholly speculative." *Id.* at 409 (cleaned up). And a "plaintiff can demonstrate that his fear of prosecution is founded in fact by pointing to 'past enforcement against the same conduct.'" *Id.* (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 164 (2014)).

    The *Block* plaintiff alleged various facts to support his fear, including "spreadsheets … showing several arrests and one administrative citation for violations of the" challenged law. *Id.* The Court concluded that the plaintiff had "provided evidence that Ohio prosecutes violations of the" statutory provision at issue. *Id.* at 410. Although the identified instances of past enforcement involved liquor or resellers—thus not conduct identical to the plaintiff's—the Court reasoned that this

"fact might be simply a coincidence, especially considering the small sample size of arrests." *Id.* In other words, "drawing all inferences in [plaintiff's] favor," *id.*, the Court deemed the prosecuted conduct sufficiently similar to the plaintiff's desired conduct to establish that his fear of prosecution was reasonable.

Here, by contrast, plaintiffs did not plausibly allege any history of enforcement of Section 1557—for similar conduct or otherwise. Op., R. 61, PageID 1216-1217; Gov't Br. 21-23. Contrary to plaintiffs' suggestion, Opening Br. 28, *Block* confirms that it is the *plaintiffs'* burden to "plead facts sufficient to establish a reasonable fear of prosecution," which includes facts regarding relevant "past enforcement." 74 F.4th at 409 (cleaned up). Plaintiffs failed to meet that burden in this case.

        Sincerely,

        /s/ *McKaye L. Neumeister*
        McKaye L. Neumeister
        U.S. Department of Justice
        Appellate Staff, Civil Division

cc (via CM/ECF): Counsel of Record